UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERBER SCIENTIFIC INTERNATIONAL, INC. : : : | |
| V. : | 3:07CV01382(PCD) |
| : SATISLOH AG and SATISLOH : NORTH AMERICA, INC. : | |

**MEMORANDUM OF DECISION ON**
**MOTION FOR SUMMARY JUDGMENT**

Gerber claims to own a patent, No. 5,485,771, as part of its purchase of the original patentee, Coburn Optical Industries, Inc. The patent pertains to a device which produces opthalmic lenses. It here claims that defendants are infringing on the rights created by the 771 patent by using the patented process to produce products for sale. Defendants deny infringement but also challenge the validity of the patent as indefinite and contrary to patent law and therefore unenforceable against defendant as well as of no standing under patent law. Pending is defendants' motion seeking to sustain its defense and its affirmative claim to a declaration of invalidity of the 771 patent. The parties concur that invalidity presents a question of law and that validity of claim 1 is determinative of the patent's validity.

Summary judgment is only appropriate if movant demonstrates the absence of any genuine issue of material fact probative of the claim, allowing for the drawing of all inferences in favor of the non-movant who may not rely in conclusory statements nor claims in pleadings.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Rule 56(c), F.R.Civ.P.

The terms of patents are required to be couched in sufficiently specific detail to stake out the patentee's exclusive arena and alert others to the bounds of the patent rights so as to avoid infringement. 35 U.S.C. § 112 ¶ 2. Plaintiff invokes § 112 ¶ 6 which permits a patent's means by its functional limitation to be broadly stated provided that the patent specification describes the structure which constitutes the means by which the claimed function is performed.

Defendant claims that the only "digital electronic means" structure disclosed in the 771 patent is a computer and a general purpose computer does not suffice for a means plus function claim.  Rather, defendant claims that the algorithm(s) used by the computer to perform the claimed function must be disclosed in the patent and patent 771 discloses no algorithm(s) which would perform the function of the "digital electronic means," i.e. to control, proactively and independently the movement between an optical lens blank and a cutting tool by which the shape of the lens surface in accordance with the prescription being filled is achieved.  Without the requisite algorithm(s), defendant claims the patent is indefinite and thus invalid per § 112 ¶ 2. For want of any genuine issue of material fact in this respect, see F.R.Civ.P 56(c), defendant claims to be entitled to summary judgment as a matter of law, citing Default Proof Credit Card Sys. v. Home Depot U.S.A., Inc., 412 F.3d 1291, 1297-98 (Fed. Cir 2005).

Gerber initially relies on the presumption of validity in an issued patent.  35 U.S.C. § 282. The burden of proving invalidity and overcoming the presumption falls to the challenger of the patent who can do so only by clear and convincing evidence.  See Al-Site Corp. v. VSI. Intn'l, Inc.U, 174 F.3d 1308, 1323, (Fed. Cir. 1999).  Defendant must prove that the "claim is insolubly ambiguous, and no narrowing construction can properly be adopted." Exxon Research & Eng'g Co. v United States, 265 F.3d 1371, 1375 (Fed. Cir. 2001).  "[I]ndefiniteness requires a

determination whether those skilled in the art would understand what is claimed." <u>Young v. Luments, Inc.</u>, 492 F.3d 1336, 1346 (Fed. Cir. 2007). The necessary structure required by ¶ 6 is what would permit one skilled in the art to understand the bounds of the claim. <u>AllVoice Computing PLC v. Nuance Comm'n, Inc.</u>, 504 F.3d 1236, 1245 (Fed. Cir. 2007).

Initially the question is whether Claim 1 is a "means plus function" claim or a "method claim." Claim 1 patents a means by which a particular function is performed and is governed by § 112 ¶ 2. Thus the claim is limited by the structure, material or acts by which the function is performed. If the claim uses the word "means" and recites a function, it is deemed a "means plus function" claim, subject to ¶ 6. The language of a "means plus function" claim limits the claim to the "structures, materials or acts in the specification." Id. <u>Valmont Indus. v. Reinke Mfg.</u> 983 F. 2d 1039, 1043-44 (Fed. Cir. 1993). Whether the claim limitation in a patent is subject to ¶ 6 is a question of law. <u>Linear tech. Corp. v. Impala Linear Corp.</u>, 379 F.3d 1311,1318,(Fed. Cir. 2004.)

If the word "means" is used in the claim and a function is recited, a presumption arises that the claim is a means plus function claim and is governed by ¶ 6. The presumption is subject to rebuttal if no function is recited corresponding to the means or if the claim limitation recites sufficient structure to perform the function. See: <u>Aristocrat Technologies Australia Pty Ltd v. Multimedia Games, Inc.</u>, 266 Fed App. 942, 945 (Fed. Cir. 2008); <u>Biomedino, LLC v. Waters Technologies Corp.</u>, 490 F.3d 946, 950 (Red. Cir. 2007). The claim(s) of a patent define the scope of the invention and are required to be definite to inform the public of the patentee's right to exclude. See <u>Datamize, LLC v. Plumiree Software, Inc.</u>, 417 F.3d 1342 (Fed. Cir. 2002). The test for definitiveness is whether "one skilled in the art would understand the bounds of the claim" as found in the specification. Once the function of the limitation is identified then the court must identify the structure for that function. Absent a compliant structure, the claim is to

be found indefinite.  See Biomedino, supra.

Based on its language, claim 1 is found to be a means plus function limitation.  In the face of the claim of indefinitiveness the function of claim one is seen as control of the intermovement between the lens disc and the cutting tool which is described in the specification as controlled by a general purpose computer.  Defendant claims that specification is indefinite and not adequate to meet the standard of ¶ 2.  Particularly defendant points out the lack of algorithm(s) in the specification does not meet the structure requirement of more than a general purpose computer.  Citing Aristocrat Techs. Aust. PTY Ltd v. Int'l game Tech., 521 F.3d 1328, 1333 (Fed. Cir. 2008).  It asserts that only by inclusion of algorithms would a claim avoid pure functional claiming.  Disclosure of a computer as the function is argued to be inadequate as it does not limit the scope of the claim to the "corresponding structure, material or acts" by which the function is performed.  Id.  From that premise defendant claims that the algorithms necessary to program the computer to perform the claimed function must be recited, citing Net Moneyin, Inc. v. Verisign, Inc., 2008 U.S> App. Lexis 21827 at *16 (Fed. Cir. 2008), and as not done in patent 771, it is indefinite and invalid per § 112, ¶ 2.

Claim 1 described the shaping of the finished lens by movement of the lens disc in relation to the cutting tool controlled by signals from "a digital electronic means," the function of which follows in the patent.  Per defendant, there are no algorithms in the patent from which the signals are supplied.  Defendant overreaches in claiming that the requirement of ¶ 2 is met only by algorithm(s) couched in mathematical, complex, detailed terms or computer code.  As plaintiff argues, an algorithm is sufficient if it described what is meant by the "digital electronic means" and how it produces the function, i.e. a disclosure of an "adequate defining structure [which] renders the bounds of the claim understandable to one of ordinary skill in the art."

AllVoice Computing PLC v. Nuance Communications, Inc., 504 F.3d 1236, 1245 (Fed. Cir. 2007). This is accomplished by the patent, it argues, by the figures and prose of the patent. See Finisar v. DirectTV Group, Inc. 523 f. 3d 1323, 1340 (Fed. Cir. 2008). Plaintiff's memorandum details from the patent how the intermovement of the cutter tool and the lens blank is achieved. Plaintiff is found to have met its burden of proving that one skilled in the art could read the patent and recognize and understand the algorithm(s) to be found therein and how they interact with the digital electronic means to control the motors by which the intermovement achieves the function described, i.e. creating the desired lens surface in compliance with the prescription. A particular algorithm is not required to be identified if the algorithm(s) needed to perform the function would be readily apparent to a person skilled in the art. Aristocrat Tech. Australia Pty Ltd v. Multimedia Games, Inc., 2008 WL 484449 at *5-6, (Fed. Cir. 2008). The specification is sufficiently definitive if one skilled in the art would know what computer program to use by reading the patent. Med. Inst. and Diagnostics Corp. v. Elekta AB, 344 F.3d 1205, 1214 (Fed. Cir. 2003).

Plaintiff's burden in this respect is found to have been met by the presentation of the testimony of Dr. Reardon, who is found to be skilled in the art which pertains to the patent. In a multitude of responses in his deposition, he confirms the presence of algorithms and his understanding of their role in controlling the intermovements by which the lens surface is shaped through the computer. Though his answers are not uniformly precise in their articulation to that effect, it is largely due to the lack of precision in the questions asked of him. His evidence to that effect is buttressed by his Declaration which is in the record and by Dr. Ellis who was involved in the invention. See Ex. D. In view of the noted evidence, the requirement of algorithms, for which defendant argues, is found to be met by the patent which is therefore adequately definite

and not invalid. An algorithm can be expressed in understandable terms including a mathematical formula, prose or flow charts. <u>Finistar Corporation v. The Direct TV Group, Inc., et al.</u>, 523 F.3d 1323, 1340 (Fed. Cir. 2008).

Accordingly, defendant's motion is denied. The patent is found to be valid in the face of the challenge of indefinitiveness.

SO ORDERED.

Dated at New Haven, Connecticut this  28th  day of May, 2009.

                                      /s/
                            PETER C. DORSEY
                            UNITED STATES DISTRICT JUDGE